UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| ERICK AND PEGGY BOSTROM, a married couple,<br><br>　　　　　　Plaintiffs,<br><br>v.<br><br>PNC BANK, N.A., and DOES 1-10, inclusive,<br><br>　　　　　　Defendants. | Case No. 1:15-cv-00102-EJL-CWD<br><br>**MEMORANDUM DECISION AND ORDER RE: MOTION TO COMPEL (DKT. 13)** |

## INTRODUCTION

Pending before the Court is Defendant PNC Bank's motion seeking an order from the Court compelling Plaintiffs Erick and Peggy Bostrom to provide supplemental initial disclosures and responses to written discovery, and to provide dates for depositions of the Bostroms. (Dkt. 13.) The motion seeks also attorney's fees and other sanctions for the Bostroms' failure to timely respond to the outstanding discovery requests and to appear for their depositions.

The motion has been fully briefed on an expedited schedule and the Court heard oral argument from the parties on June 7, 2016. After review of the record and

**MEMORANDUM DECISION AND ORDER RE: MOTION TO COMPEL - 1**

consideration of the parties' arguments and relevant legal authorities, the Court issues the following Memorandum Decision and Order granting PNC Bank's motion.

## BACKGROUND

Procedurally, discovery in this case has not proceeded as expected. On July 27, 2015, the Court held a telephonic scheduling conference and issued an order the same day approving the parties' stipulated litigation plan. (Dkt. 10.) The Case Management Order includes the following deadlines:

1. Factual Discovery Due: March 18, 2016

2. Plaintiffs' Expert Witness Disclosures: April 15, 2016

3. Defendants' Expert Witness Disclosures: May 20, 2016

4. Plaintiffs' Rebuttal Expert Disclosures: June 10, 2016

5. All Expert Witness Disclosures: June 24, 2016

6. Dispositive Pre-trial Motions: July 22, 2016

7. Mediation to occur: July 8, 2016.[1]

(Dkt. 10.)

The Bostroms[2] served their initial disclosures on PNC Bank on December 24, 2015.[3] Aff. Thomson, ¶ 8. (Dkt. 13-2 at 2.) Upon review of the initial disclosures, on January 6, 2016, PNC Bank sent a letter to the Bostroms requesting the initial disclosures

---

[1] The Court has not yet set a trial date for this matter.
[2] Throughout this memorandum decision and order, when the Court refers to the actions of the parties, it is referring to the actions taken by the parties' counsel on behalf of their clients unless otherwise specified.
[3] The parties stipulated that initial disclosures were to be exchanged between the parties no later than August 21, 2015. Aff. Thomson, ¶ 2. (Dkt. 13-2 at 1-2.) The Bostroms did not provide their initial disclosures until PNC Bank indicated its intention to seek Court intervention after multiple attempts to work with counsel to obtain them. *Id.* at ¶ 4-8.

**MEMORANDUM DECISION AND ORDER RE: MOTION TO COMPEL - 2**

be supplemented pursuant to Fed. R. Civ. P. 26(a)(1)(A)(iii). *Id.* at Ex. E. Specifically, PNC Bank requested the Bostroms' credit reports[4] and a calculation of damages. *Id.* PNC Bank sent two additional letters requesting the same information on February 4, 2016, and March 3, 2016. The Bostroms did not respond to either correspondence. *Id.* at Ex. F. In addition to the Bostroms' failure to supplement their supplemental initial disclosures, they also failed to timely respond to PNC Bank's written discovery requests propounded on February 5, 2016.

Throughout the time PNC Bank sought to obtain the Bostroms' supplemental initial disclosures, it attempted also to schedule the Bostroms' depositions. However, PNC Bank's phone calls to Bostroms' counsel to schedule deposition dates went unanswered and voicemail messages were not returned. Aff. Thomson, Ex. F. (Dkt. 13-3 at 16.) In its attempt to depose the Bostroms prior to the March 18, 2016 factual discovery deadline, PNC Bank sent a letter to their attorney informing them the depositions were set for February 25, 2016.[5] *Id.* Neither the Bostroms nor their counsel appeared for the depositions as noticed by PNC Bank.[6]

On March 3, 2016, PNC Bank sent a letter informing the Bostroms they missed the scheduled depositions, and indicating also its intention to seek sanctions for costs as a

---

[4] The Bostroms' initial disclosures indicated that their credit reports would be used to support their claims pursuant to Fed. R. Civ. P. 26(a)(1)(A)(ii).

[5] Deposition notices were served on the Bostroms through their counsel consistent with the applicable rules. *Id.* at ¶ 13. Counsel for the Bostroms indicated at the hearing he was not aware these depositions were noticed until after February 25, 2016. He indicated this may have been due to a change in address of his firm. Counsel for the Bostroms represented to the Court that he later informed his clients of this scheduling oversight.

[6] The Bostroms provided no advance notice that they would not appear for the depositions. While the court reporter waited, PNC Bank attempted to contact the Bostroms by telephone, but received voicemail. Aff. Thomson, ¶ 15. (Dkt. 13-2 at 3.)

**MEMORANDUM DECISION AND ORDER RE: MOTION TO COMPEL - 3**

result of their absence if it did not hear from the Bostroms soon. Aff. Thomson, Ex. I. (Dkt. 13-5 at 1.) On March 7, 2016, the Bostroms responded to the letter, indicating they would provide new deposition dates the following day, and offering also to stipulate to an extension of the factual discovery deadline.[7] *Id.* at Ex. J. The next day, the Bostroms informed PNC Bank they were available to be deposed on March 16, 17, or 18. *Id.* at Ex. K.

The Bostroms depositions were not scheduled, however. In a follow up to the March 8, 2016 email with deposition dates, PNC Bank responded that the dates proposed worked, but indicated it wanted the supplemental initial disclosures beforehand.[8] Aff. Thomson, Ex. L. (Dkt. 13-5 at 4.) Radio silence ensued once again—the Bostroms did not respond to this request or to voicemails left by defense counsel to schedule the depositions. *Id.* at ¶ 21. On April 15, 2016, PNC Bank sent a letter to the Bostroms outlining the issues with the Bostroms' failure to supplement their initial disclosures, respond to written discovery, and getting their depositions rescheduled. *Id.* at Ex. M. PNC Bank stated also its intention to seek Court intervention if the discovery responses were not forthcoming.[9] *Id.*

---

[7] In his response, counsel for the Bostroms indicates his client's failure to appear at the depositions was not their fault, but instead, "the consequence of [his] own oversight." Aff. Thomson, Ex. J. (Dkt. 13-5 at 2.)

[8] PNC Bank also accepted the Bostroms' offer to informally extend the factual discovery deadline through April 8, 2016. However, the Bostroms never responded to indicate whether they agreed with the proposed date.

[9] In addition, defense counsel attempted to telephonically contact the counsel for the Bostroms a handful of times to schedule the depositions, but only reached voicemail. PNC Bank contends it did receive one voicemail from the Bostroms' counsel's paralegal, who indicated in her voicemail she wanted to discuss the depositions. However, when PNC Bank called the paralegal back, it reached the paralegal's voicemail again and left another voicemail, which was not returned. Aff. Stacey, ¶ 3. (Dkt. 13-6 at 2.)

**MEMORANDUM DECISION AND ORDER RE: MOTION TO COMPEL - 4**

On April 20, 2016, in a last attempt to resolve the discovery issues without Court intervention, PNC Bank telephoned counsel for the Bostroms and left a voicemail indicating its intention to seek Court intervention. Aff. Stacey, ¶ 4. (Dkt. 13-6 at 2.) The same day, the Bostroms responded by email and ensured they would work on the outstanding discovery issues over the next day or so and would be in contact soon to schedule the depositions. *Id.* at Ex. A. Having not heard from the Bostroms, PNC Bank sent follow up emails to the Bostroms on April 25, 26, and 28—in the last email, PNC Bank indicated again its intention to seek Court intervention. *Id.* at Ex. B-D. The Bostroms responded on April 28, 2016, and promised the discovery issues would be resolved by May 2, 2016. *Id.* at Ex.D. However, neither the supplemental initial disclosures nor responses to the written discovery requests were provided to PNC Bank by May 2, 2016.

On May 6, 2016, PNC Bank filed the present motion seeking an order compelling the Bostroms to produce their supplemental initial disclosures and discovery responses, and to provide deposition availability. (Dkt. 13.) PNC Bank seeks also attorney's fees and sanctions related to the discovery delays, and an extension of time to serve its expert witness disclosures. *Id.* The Bostroms filed a notice of non-opposition to the motion to compel, and indicated they would provide the outstanding discovery to PNC Bank by May 25, 2016. [10] (Dkt. 15.) The Bostroms requested, however, that sanctions not be

---

[10] Counsel for the Bostroms apologized for his delay in the response and explained the delay was a product of personal and family reasons. (Dkt. 15.)

**MEMORANDUM DECISION AND ORDER RE: MOTION TO COMPEL - 5**

awarded, or at least, that the Court defer awarding sanctions until after the parties attend mediation, the deadline for which is July 8, 2016. *Id.*

On May 31, 2016, the Court held a status conference and learned the Bostroms had not provided PNC Bank their responses to the outstanding discovery requests as they promised in their non-opposition to the motion to compel. (Dkt. 15.) As such, the Court set a hearing on the motion to compel to address the issue of attorney's fees and costs, as well as PNC Bank's request for sanctions made in its reply upon learning the Bostroms failed to uphold the promise in their non-opposition. The Court provided the Bostroms an opportunity to file a sur-response to the motion to compel to address the issue of sanctions. However, a sur-response was not filed.

On June 7, 2016, during the hearing on the motion to compel, counsel for the Bostroms described in some detail the personal and family issues that he believes were preventing him over the past several months from timely meeting PNC Bank's discovery requests, the Court's deadlines, and his own promises to respond. He indicated also that his clients are aware of these issues. PNC Bank stated during the hearing it first learned of opposing counsel's personal and family issues from the non-opposition to the motion to compel.

## DISCUSSION

In its motion, PNC Bank requests the Court to compel the Bostroms to provide supplemental initial disclosures, responses to outstanding written discovery requests, and their deposition availability. In addition to or instead of an order compelling this information, PNC Bank requests various sanctions related to the Bostroms' continued

**MEMORANDUM DECISION AND ORDER RE: MOTION TO COMPEL - 6**

delay in resolving these discovery disputes and failing to appear at their depositions. The Court will first address the three discovery issues separately below and next discuss the appropriate sanctions.

## I. Supplemental initial disclosures

It is undisputed the Bostroms have not supplemented their initial disclosures pursuant to Fed. R. Civ. P. 26(a) as specifically requested by PNC Bank. After receiving the Bostroms' initial disclosures on December 24, 2015, PNC Bank began sending several letters to the Bostroms as early as January 6, 2016, requesting they supplement their initial disclosures to include a calculation of damages and to provide copies of the credit reports identified in the initial disclosures. PNC Bank now seeks an order compelling these supplemental initial disclosures.

The type of information sought by PNC Bank, specifically the Bostroms' computation of damages and copies of credit reports identified in the disclosures fall within the initial disclosure requirements of Fed. R. Civ. P. 26(a).

Pursuant to Fed. R. Civ. P. 26(a), parties are required to initially disclose the following to other parties without awaiting a discovery request:

> (ii) a copy—or a description by category and location—of all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses…
>
> (iii) a computation of each category of damages claim by the disclosing party—who must also make available for inspection and copying as under Rule 34 the documents or other evidentiary material, unless privileged or protected from disclosure, on which each computation is based, including materials bearing on the nature and extent of injuries suffered….

**MEMORANDUM DECISION AND ORDER RE: MOTION TO COMPEL - 7**

Fed. R. Civ. P. 26(a). Further, parties have a duty to supplement or correct their disclosures and responses "in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect…." Fed. R. Civ. P. 26(e)(1)(A).

In their initial disclosures, the Bostroms indicated their credit reports would be used to support their claims, but did not include copies of those reports to PNC Bank. However, copies were timely and appropriately requested by PNC Bank. The Bostroms also failed to include a computation of their damages in their initial disclosures. The Bostroms acknowledged during the hearing that this supplemental information should have been provided.

Accordingly, the Court will compel the Bostroms to supplement their initial disclosures, as requested by PNC Bank and as appropriate under Fed. R. Civ. P. 26(a) and (e) on or before June 21, 2016. Failure to provide this information to PNC Bank by the date ordered may result in sanctions.

## II. Outstanding responses to written discovery

PNC Bank propounded discovery requests to the Bostroms on February 15, 2016. The parties informally extended the deadline for responses through March 24, 2016. When the deadline passed, PNC Bank made several attempts through phone calls, letters, and emails to obtain the outstanding discovery responses. It is undisputed the Bostroms have not provided responses to PNC Bank's written discovery requests.

The Bostroms have not provided any reason for their failure to respond to these discovery requests, other than counsel's personal and family issues. Accordingly, the

**MEMORANDUM DECISION AND ORDER RE: MOTION TO COMPEL - 8**

Court will order the Bostroms to provide their responses to PNC Bank's written discovery requests on or before June 21, 2016.[11]

### III. Scheduling the Bostroms' depositions

It is undisputed the Bostroms have not been deposed in this action. PNC Bank has made several unanswered efforts to contact the Bostroms through their counsel to coordinate dates for taking the depositions.

The Court discussed with the parties during the hearing their availability to take the depositions of the Bostroms. PNC Bank explained, and the Court agreed, these depositions may be deferred until after PNC receives the outstanding discovery responses from the Bostroms. Accordingly, the Bostroms should be deposed within the next four to six weeks after June 21, 2016. The Court will order counsel for the Bostroms to contact his clients to discuss their availability and to provide proposed deposition dates to PNC Bank for that time period no later than June 21, 2016.

### IV. Sanctions

PNC Bank requests various sanctions related to the discovery disputes discussed above. Specifically, it requests the Court: (1) order an award of reasonable expenses, including attorney's fees, associated with the Bostroms' failure to supplement their initial disclosures, respond to written discovery requests, and their evasion of PNC Bank's requests to provide available dates for their depositions; (2) order the Bostroms to pay for

---

[11] Because the deadline for the Bostroms to respond to PNC Bank's written discovery requests has long expired, the Bostroms have waived the opportunity to raise objections to these requests. Further, counsel for the Bostroms indicated during the hearing that June 21, 2016 is a realistic deadline, and that he would have the information to PNC Bank by then.

**MEMORANDUM DECISION AND ORDER RE: MOTION TO COMPEL - 9**

the cost of the court reporter and associated attorney's fees for failing to appear at the February 25, 2016 depositions; and (3) order reasonable attorney's fees and expenses for filing this motion to compel. The Court addresses each request in detail below.

### A. Failure to timely supplement initial disclosures

Rule 37(c) provides that "[i]f a party fails to provide information ... as required by Rule 26(a) or (e), the party is not allowed to use that information ... to supply evidence on a motion, at a hearing, or at trial, unless the failure was substantially justified or is harmless. In addition to or instead of this sanction, the court on motion or after giving an opportunity to be heard: (A) may order payment of the reasonable expenses, including attorney's fees, caused by the failure; (B) may inform the jury of the party's failure; and (C) may impose other appropriate sanctions including any of the orders listed in Rule 37(b)(2)(A) (i)-(vi)." Fed.R.Civ.P. 37. *See Bryntesen v. Camp Auto., Inc.*, No. 2:13-CV-00491-BLW, 2015 WL 248002, at *3 (D. Idaho Jan. 20, 2015).

"Whether to impose a sanction under Rule 37 is a matter of the Court's discretion considering the Rule's purpose to deter discovery abuses and romote full and efficient discovery." *Davis v. Nevarez*, No. 3:07-CV-00427EJLLMB, 2009 WL 1468705, at *2 (D. Idaho May 22, 2009) (citing *Marchand v. Mercy Medical Center,* 22 F.3d 933 (9th Cir.1994)).

Here, the Court finds the appropriate sanction at this time is to order payment of PNC Bank's reasonable attorney's fees incurred due to the failure of the Bostroms to

**MEMORANDUM DECISION AND ORDER RE: MOTION TO COMPEL - 10**

supplement their initial disclosures.[12] Accordingly, the Court will order payment of reasonable attorney's fees and expenses associated with the several letters, emails, and time spent by PNC Bank attempting to contact the Bostroms by telephone to obtain the supplemental initial disclosures. At the hearing, counsel for the Bostroms indicated he should bear the burden of these expenses, rather than his clients, as the delay is not attributed to their lack of cooperation with counsel. The Court agrees and will order counsel to bear these expenses.

**B. Failure to Attend Depositions/Respond to Written Discovery**

Fed. R. Civ. P. 37(d) provides for sanctions where a party fails to appear for his or her own deposition, or fails to respond to certain formal discovery. Awardable sanctions include those listed in under section (b)(2).[13] Instead of or in addition to Rule 37(b)(2) sanctions, the Court must require "the party failing to act, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure,

---

[12] Prohibiting the Bostroms from using the information (that would be otherwise be in its supplemental initial disclosures, i.e. the credit reports and computation of damages) in motions, at hearings, or at trial based primarily on the of poor decisions of its counsel is not a justified sanction at this time.

[13] Pursuant to Fed. R. Civ. P. 37(b)(2)(A)(i)-(vii), when a party that fails to comply with a Court's order of discovery, the court may issue "further just orders" which may include:

> (I) directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims;
> (ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;
> (iii) striking pleadings in whole or in part;
> (iv) staying further proceedings until the order is obeyed;
> (v) dismissing the action or proceeding in whole or in part;
> (vi) rendering a default judgment against the disobedient party; or
> (vii) treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination.

**MEMORANDUM DECISION AND ORDER RE: MOTION TO COMPEL - 11**

unless the failure was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(d)(3).

With regard to the Bostroms' failure to appear for their depositions, their counsel indicated during the hearing he was not aware the depositions were scheduled until after February 25, 2016 (the date of the depositions), despite formal notices and telephone phone calls from PNC Bank advising him of the date. This does not constitute substantial justification for failing to appear. Accordingly, the Court finds the appropriate sanction is to award to PNC Bank reasonable attorney's fees and expenses associated with the February 25, 2016 deposition, including court reporter fees. In addition, if additional expenses are incurred as a result of the upcoming depositions of the Bostroms, the Court may order counsel for the Bostroms to pay those expenses as well.

Next, with regard to the Bostroms' failure to respond to PNC Bank's written discovery requests, the Court finds a similar sanction is warranted. The Court will award reasonable attorney's fees and expenses associated with procuring the responses to PNC Bank.

### C. Payment and Expenses for Motion to Compel

PNC Bank requests reasonable attorney's fees and costs incurred in filing this motion pursuant to Fed. R. Civ. P. 37(a)(5)(A). Pursuant to Fed. R. Civ. P. 37(a)(5)(A), if the motion to compel is granted:

> the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or the attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees.

**MEMORANDUM DECISION AND ORDER RE: MOTION TO COMPEL - 12**

However, the Court must not enter an order if the following applies:

> (i) The movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action;
>
> (ii) the opposing party's nondisclosure, response, or objection was substantially justified; or
>
> (iii) other circumstances make an award of expenses unjust.

Fed. R. Civ. P. 37(a)(5)(A)(i)-(iii).

Here, the Court is granting the motion to compel, and thus, must award reasonable attorney's fees and costs unless one of the above exceptions applies. Upon review of the record and consideration of the parties' arguments during the hearing, the Court finds PNC Bank's motion to compel was brought in good faith, as they attempted on multiple occasions to contact the Bostroms, through their counsel, to obtain the various outstanding discovery responses as required by Fed. R. Civ. P. 37(a)(1).[14] Further, the Court finds the Bostroms have not offered any reason to support that their nondisclosure was substantially justified.

Accordingly, the Court must award reasonable attorney's fees and expenses to PNC Bank associated with the motion to compel. For the same reasons stated above, Bostroms' counsel, and not the Bostroms, is responsible for necessitating this motion and will bear the burden of paying these expenses to PNC Bank.

---

[14] PNC Bank has also satisfied Dist. Idaho Civ. R. 37.1, which requires a party to attempt to confer by telephone or in person prior to filing a motion to compel.

**MEMORANDUM DECISION AND ORDER RE: MOTION TO COMPEL - 13**

**V. Extension of Court ordered deadlines**

PNC Bank requests to amend the Case Management Order (Dkt. 10) to extend the expert witness deadline. During the hearing, PNC Bank made an oral request to extend also the mediation and dispositive motion deadlines, as well as the factual discovery deadlines for the limited purpose of receiving the Bostroms' responses to PNC Bank's outstanding discovery requests and for taking the depositions of the Bostroms. The Bostroms stipulated to these extensions during the hearing. Finding good cause, the Court will amend the Case Management Order (Dkt. 10) and extend the deadlines as further specified below.

## CONCLUSION

For the reasons explained above, the Court will grant PNC Bank's motion to compel with regard to the Bostroms' supplemental initial disclosures and responses to PNC Bank's written discovery requests, will order the Bostroms to provide available dates for their depositions, and will award reasonable attorney's fees and expenses associated with the delay in discovery responses and failure to appear for their depositions. The Court also will grant PNC Bank's request to extend certain deadlines.

## ORDER

**NOW THEREFORE IT IS HEREBY ORDERED:**

1) PNC Bank's Motion to Compel Supplemental Initial Disclosures, Discovery Responses, and Depositions of Plaintiffs (Dkt. 13) is **GRANTED**;

2) The Bostroms must provide their supplemental initial disclosures and fully respond to PNC Bank's written discovery requests *on or before* **June 21, 2016**;

**MEMORANDUM DECISION AND ORDER RE: MOTION TO COMPEL - 14**

3) Counsel for the Bostroms must contact his clients to obtain their availability to be deposed and shall contact opposing counsel with proposed deposition dates *on or before* **June 21, 2016;**

4) The Bostroms and their counsel must appear for their depositions as noticed;

5) PNC Bank will be awarded reasonable attorney's fees and expenses associated with their efforts to obtain the supplemental initial disclosures, responses to written discovery, and depositions of the Bostroms, including the costs associated with the February 25, 2016 depositions, and the costs associated with bringing this motion to compel. PNC Bank shall submit a bill of costs and fees to the Court *on or before* **June 28, 2016**. The Bostroms will have the opportunity to respond, but only to contest, if they wish to do so, the reasonableness of the amounts requested by PNC Bank;

6) Counsel for the Bostroms must provide a copy of this order to his clients and file a notice with the Court confirming he has done so no later than three (3) days after the date of this Order;

7) The Case Management Order (Dkt. 10) is hereby amended as follows:

- Factual discovery shall be extended through **August 16, 2016** for the limited purpose to receive the Bostroms' discovery responses and to take the Bostroms' depositions;

- Defendant's expert witness disclosure deadline: **August 31, 2016;**

- Plaintiff's rebuttal expert witness disclosure deadline: **September 21, 2016;**

- All expert witness discovery deadline: **September 30, 2016;**

- Dispositive pre-trial motion deadline: **October 14, 2016**; and

- Mediation deadline: **November 4, 2016.**

All other provisions of the Case Management Order (Dkt. 10) remain in full force and effect; and

**MEMORANDUM DECISION AND ORDER RE: MOTION TO COMPEL - 15**

8) A **telephonic status conference** is set for **October 19, 2016** at 1:30 PM MST. Defendants shall initiate the call, once all parties are on the line, connect to the Courtroom at (208) 334-9945.

**IT IS SO ORDERED.**

Dated: **June 09, 2016**

Honorable Candy W. Dale
United States Magistrate Judge