UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| ERICK and PEGGY BOSTROM, a married couple,<br><br>                  Plaintiffs,<br><br>v.<br><br>PNC BANK, N.A., and DOES 1-10, inclusive,<br><br>                  Defendants. | Case No. 1:15-cv-00102-EJL-CWD<br><br>**MEMORANDUM DECISION AND ORDER RE: PNC BANK'S MOTION FOR AWARD OF ATTORNEY FEES AND COSTS** |

**INTRODUCTION**

Pending before the Court is Defendant PNC Bank's Motion for Award of Attorney Fees and Costs (Dkt. 24.) In an earlier motion, PNC Bank asked the Court to compel certain discovery from Plaintiffs Erick and Peggy Bostrom, and to sanction the Bostroms' former counsel, Andrew Schoppe, for various discovery related inadequacies. (Dkt. 20.) The Court granted PNC Bank's motion to compel and indicated reasonable attorney fees and expenses would be appropriate sanctions against Mr. Schoppe. The Court requested PNC Bank to submit a bill of costs and fees so the Court could determine the reasonable amount of fees and expenses pursuant to the Court's prior order, permitting also the

**MEMORANDUM DECISION AND ORDER RE: PNC BANK'S MOTION FOR AWARD OF ATTORNEY FEES AND COSTS - 1**

Bostroms and Mr. Schoppe an opportunity to respond to contest the reasonableness of the amounts requested by PNC Bank. (Dkt. 20 at 15.) Neither the Bostroms nor Mr. Schoppe responded.

PNC Bank requests $5,260.00 in attorney fees and $235.00 in costs. (Dkt. 24.) For the reasons that follow, the Court will grant in part and deny in part PNC Bank's motion for fees and costs.

### COURT'S ORDER AWARDING SANCTIONS (DKT. 20)

On June 9, 2016, the Court granted PNC Bank's motion to compel and motion for sanctions. (Dkt. 20.) Specifically, the Court ruled that sanctions would be awarded against Mr. Schoppe for the following:

- Reasonable attorney fees and expenses associated with the several letters, emails, and time spent by PNC bank attempting to contact the Bostroms by telephone to obtain their supplemental disclosures. *Id.* at 11.

- Reasonable attorney fees and expenses associated with the scheduling and appearing for the February 25, 2016 depositions of Erick and Peggy Bostrom, including court reporter fees, and any additional expenses incurred due to the need to re-schedule the depositions. *Id.* at 12.

- Reasonable attorney fees and expenses associated with procuring PNC Bank's written discovery requests from the Bostroms. *Id.*

- Reasonable attorney fees and expenses associated with the motion to compel. *Id.* at 13.

### DISCUSSION

**I. Attorney Fees**

The Court finds the majority of the attorney fees itemized in Thompson's Affidavit in Support of the Motion for Award of Attorney Fees and Costs are reasonable

**MEMORANDUM DECISION AND ORDER RE: PNC BANK'S MOTION FOR AWARD OF ATTORNEY FEES AND COSTS - 2**

and, for the reasons that follow, will grant in part, and deny in part, PNC Bank's attorney fee request.

In the Ninth Circuit, the proper method for determining a reasonable attorney fee is to use the "lodestar method." *Haeger v. Goodyear Tire and Rubber Co.*, 813 F.3d 1233, 1249 (9th Cir. 2016). First, the Court calculates attorney fees by multiplying the number of hours reasonably spent by counsel by a reasonable hourly rate. *Cotton v. City of Eureka, Cal.,* 889 F. Supp. 2d 1154, 1165 (N.D. Cal. 2012). In determining a reasonable hourly rate, the Court considers the "experience, skill and reputation of the attorney requesting fees," *Trevino v. Gates,* 99 F.3d 911, 924 (9th Cir.1996), as well as "the prevailing market rates in the relevant community," *Blum v. Stenson,* 465 U.S. 886, 895 (1984).

Once the lodestar amount is determined, the Court "assesses whether it is necessary to adjust the presumptively reasonable lodestar figure on the basis of the *Kerr* factors[1] that are not already subsumed in the initial lodestar calculation." *Morales v. City of San Rafael,* 96 F.3d 359, 363–64 (9th Cir.1996) (footnote omitted). "There is a strong presumption that the lodestar figure represents a reasonable fee. Only in rare instances

---

[1] The Kerr factors are: (1) the time and labor required; (2) the novelty and difficulty of the questions involved; (3) the skill requisite to perform the legal service properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. *Kerr v. Screen Extras Guild, Inc.*, 526 F.2d 67, 69–70 (9th Cir. 1975).

**MEMORANDUM DECISION AND ORDER RE: PNC BANK'S MOTION FOR AWARD OF ATTORNEY FEES AND COSTS - 3**

should the lodestar figure be adjusted on the basis of other considerations." *Id.* at 363 n. 8 (internal quotation marks and citation omitted).

Here, PNC Bank seeks attorney fees in the amount of $5,260.00 for 27.4 hours of work encompassed within the order for sanctions, performed by Jeffery A. Thompson and his associate Jade C. Stacey. Mr. Thompson charged $250.00 per hour and Mr. Stacey charged $175.00 per hour. The Court finds the hourly rates charged by the attorneys in this matter are comparable to the reasonable hourly rate for attorneys of similar experience and work in the Boise, Idaho area.

As to the total number of hours billed, the Court finds that, in consideration of Mr. Schoppe's numerous attempts to avoid discovery requests made by PNC Bank, the amount of time recorded was reasonable, but for a few exceptions. Specifically, the Court finds the time recorded for leaving voicemail messages is excessive and the time recorded to prepare the notices of deposition fall outside the scope of work PNC Bank is permitted to recover pursuant to the Court's order for sanctions.

While the Court permitted PNC Bank to recover its attorney's time spent to contact the Bostroms by telephone to obtain their supplemental disclosures, the Court finds, in the context of this case, Mr. Stacey's 0.1 hour, or six minutes recorded for each telephone call he made is excessive. It is apparent from the June 23, 2016 hearing and the record that Mr. Schoppe could not be reached by telephone, which necessitated Mr. Stacey to leave voicemail messages. But, billing six minutes for each voicemail is excessive. Mr. Stacey billed for telephone calls or voicemails to Mr. Schoppe on at least

**MEMORANDUM DECISION AND ORDER RE: PNC BANK'S MOTION FOR AWARD OF ATTORNEY FEES AND COSTS - 4**

seven occasions, amounting to approximately 0.7 hours. The Court finds 0.2 hours more reasonably reflects the time in which it takes to leave seven voicemail messages, unless a considerable amount if detail is included with each voicemail. Moreover, the Court finds also that 0.2 hours recorded by Mr. Thompson for drafting the initial notices of deposition for the Bostroms falls outside the scope of the work PNC Bank is permitted to recover pursuant to the Court's order, given deposition notices are clerical tasks and there is no indication these notices were changed in any way other than the dates, when rescheduled. The Court will adjust Mr. Stacey's and Mr. Thompson's time accordingly.

### A. Summary of reductions

The following table summarizes the Court's reductions to PNC Bank's requested hours.

| Attorney | Hours claimed | Reduction of Excessive/Unreasonable Entries | Hours reasonably expended |
|---|---|---|---|
| Jeffery A. Thompson | 6.2 | 0.2 | 6 |
| Jade C. Stacey | 21.2 | 0.5 | 20.7 |

### B. Lodestar

As shown in the table below, the total lodestar figure for attorney fees based on the hourly rates and hours reasonably expended (as determined above) is $5,122.50.

| Attorney | Reasonable Rate | Hours Reasonably Expended | Lodestar |
|---|---|---|---|
| Jeffery A. Thompson | $250.00 | 6 | $1,500.00 |
| Jade C. Stacey | $175.00 | 20.8 | $3,622.50 |
| | | TOTAL | $5,122.50 |

**MEMORANDUM DECISION AND ORDER RE: PNC BANK'S MOTION FOR AWARD OF ATTORNEY FEES AND COSTS - 5**

**II. Reasonableness of Expenses Requested**

The Court indicated reasonable expenses would be awarded to PNC Bank associated with procuring the supplemental initial disclosures and responses to written discovery requests, as well as any costs associated with the Bostroms' initial failure to appear for their depositions. In total, PNC Bank seeks $235.00 in costs and expenses, which include $85.00 for the court reporter's appearance fee at the Bostroms' initial depositions, and $150.00 for the anticipated court reporter services during the Bostroms' re-scheduled depositions.[2] The Court finds the $85.00 expense for the Court reporter's appearance at the initial deposition falls within the Court's Order for sanctions. However, PNC Bank has not indicated and the Court cannot reasonably determine how the $150.00 cost for the anticipated court reporter services for the re-scheduled depositions would be any different than if the depositions had proceeded as initially scheduled on February 25, 2016. Accordingly, the Court will award PNC Bank costs in the amount of $85.00.

## ORDER

**NOW THEREFORE IT IS HEREBY ORDERED:**

1) Defendant PNC Bank's Motion for Award of Attorney Fees and Costs pursuant to the June 9, 2016 Order (Dkts. 20, 24) is **GRANTED in part and DENIED in part**. The Bostroms' former counsel Andrew Schoppe must pay PNC Bank **$5,122.50 in fees** and **$85.00 in costs and expenses**.

Dated: **October 07, 2016**

Honorable Candy W. Dale
United States Magistrate Judge

---

[2] The Court reporter indicated she will charge Elam and Burke $75.00 per one half day for the future depositions of Plaintiffs. Aff. Thompson, ¶ 10 (Dkt. 24-1 at 3). Thompson estimates Plaintiffs' depositions will take one half day each. *Id.*